UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANYEL D. LAWSTON,

                Petitioner,

vs.                              Case No. 2:08-cv-779-FtM-29SPC
                                       Case No. 2:06-cr-13-FtM-29SPC

UNITED STATES OF AMERICA,

                Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner Danyel D. Lawston's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #85)[1] filed on October 8, 2008. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #9) on November 3, 2008.

**I.**

On August 3, 2005, a federal grand jury in Fort Myers, Florida, returned a four-count Indictment (Case No. 2:05-cr-71, Doc. #1) charging twenty-one (21) defendants, including petitioner Danyel D. Lawston (petitioner or Lawston) with conspiracy to

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc." and will refer to the underlying criminal case as "Cr. Doc."

distribute five (5) kilograms or more of cocaine and to distribute fifty (50) grams or more of cocaine base between on or about August 27, 2004 and on or about May 20, 2005.  On August 17, 2005, a Superceding Indictment was filed against twenty-three (23) defendants, including Lawston, alleging the same conspiracy. (Case No. 2:05-cr-71, Doc. #7.)

Rather than proceeding with the defendants in a single case, the United States then obtained separate indictments in separate cases as to some of the defendants.  Thus, on January 18, 2006, the same grand jury filed a one-count Indictment against petitioner in Case No. 2-06-cr-13, charging that between on or about March 2005 through and including on or about May 20, 2005, petitioner conspired to possess with intent to distribute an unspecified quantity of cocaine.  (Cr. Doc. #1.)  On January 20, 2006, the United States filed motions to dismiss the Indictment and/or Superceding Indictment against eight (8) of the defendants in the original case, including Lawston.  (Case No. 2:05-cr-71, Docs. ## 383, 387-392, 397.)  The government's motions were granted and the defendants were dismissed from that case.  (Case No. 2:05-cr-71, Doc. #414 (as to petitioner).)

Petitioner proceeded to trial and was convicted by a jury on April 12, 2006.  (Cr. Doc. #40.) On July 26, 2006, petitioner was sentenced to two hundred sixty-two (262) months imprisonment, supervised release of six (6) years, and a one-hundred-dollar ($100) special assessment.  A Notice of Appeal (Cr. Doc. #62) was

filed on July 28, 2006. On June 5, 2007, the Eleventh Circuit Court of Appeals affirmed petitioner's conviction. <u>United States v. Lawston</u>, 227 Fed. Appx. 867 (11th Cir. 2007). Petitioner filed this timely § 2255 motion on October 8, 2008.

**II.**

The Court will address the issues raised by petitioner in a slightly different order than presented in his motion. Because petitioner is proceeding *pro se*, the Court construes all of his filings liberally. <u>See</u> <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003).

**A. Indictment Improperly Amended:**

In Ground Three, petitioner argues that the Indictment in Case No. 2-06-cr-13 was filed without the approval of the grand jury and was therefore an improper amendment to the Indictment in the original case. Petitioner also argues that there is a material variance because he could not be guilty of the conspiracy in the new case while being not guilty of the conspiracy in the original Indictment. (Cv. Doc. #1, p. 7; Cv. Doc. #1-3, pp. 1-2.)

The record affirmatively reflects that the Indictment against petitioner alone was approved by the grand jury. The Indictment in Case No. 2-06-cr-13 was signed by the same grand jury foreperson as the Indictment and Superceding Indictment in the original case. Neither an amendment nor a variance exists based solely on the fact that the government chooses before trial to pursue alleged co-

conspirators in separate cases. The conspiracy charged in petitioner's individual case was not the same as that charged in the original case, because the dates of the conspiracy were not the same. The evidence presented against petitioner was consistent with the charge in the new case, so there was no variance with regard to the proof. Therefore, Ground Three in petitioner's motion is denied as without merit.

**B. Sufficiency of Evidence:**

In Ground Four, petitioner argues that the evidence presented during his trial was insufficient to support his conviction for conspiracy. Specifically, petitioner asserts that the evidence establishes only that he had a buyer-seller relationship with the government's witness, Antonio Payne, which was insufficient to establish the conspiracy charged in the Indictment. (Cv. Doc. #1, p. 8; Cv. Doc. #1-2, pp. 1-4.)

The United States correctly points out that the issue of the sufficiency of the evidence has already been resolved against petitioner by the Eleventh Circuit. The Eleventh Circuit stated that "[e]ngaging in a simple 'buy-sell' drug transaction is generally not sufficient to support a § 846 conspiracy conviction," and discussed its prior cases addressing the sufficiency of evidence in light of that principle. The Eleventh Circuit concluded:

> Here, the Government presented testimony from Lawston's co-conspirator that he and Lawston conducted multiple transactions for amounts of cocaine consistent with

>     distribution. To demonstrate Lawston's intent to
>     traffick drugs, the Government introduced evidence that
>     Lawston had previously been involved with drug dealing.
>     Taking the evidence in the light most favorable to the
>     Government, we readily conclude that the district court
>     did not err in denying Lawston's motion for judgment of
>     acquittal.

United States v. Lawston, 227 Fed. Appx. at 868.

A § 2255 proceeding cannot be used to relitigate questions which were raised and considered on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) ("The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal."), cert. denied, 531 U.S. 1131 (2001); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). Therefore in most cases, prior disposition of an issue on direct appeal precludes further review in a subsequent § 2255 proceeding. Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994), cert. denied, 514 U.S. 1112 (1995). Here, the Eleventh Circuit previously considered and rejected petitioner's claim that the evidence did not support his conspiracy conviction because it established only a buyer-seller relationship. Petitioner has shown no reason to revisit this issue. Therefore, Ground Four is barred from consideration and is dismissed.

**C. Brady Violation:**

In Ground Two, petitioner argues that the government failed to disclose favorable impeachment evidence in its possession until after his trial was completed, thereby violating its obligation under Brady v. Maryland, 373 U.S. 83, 87 (1963). Petitioner argues

that impeaching documents regarding government witness Antonio Payne were not disclosed until approximately two weeks after his trial.  (Cv. Doc. #1, p. 5; Cv. Doc. #1-4, pp. 1-3.)

It is clear that <u>Brady</u> requires the prosecution to disclose impeachment evidence for cross-examination purposes. <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985).  The Eleventh Circuit recently summarized:

> To prevail on a <u>Brady</u> claim, the petitioner must establish (1) the government possessed evidence favorable to him; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the government suppressed the favorable evidence; and (4) the evidence was material.  Evidence is material if there is a reasonable probability that a different result would have occurred had the evidence been disclosed.  In turn, a reasonable probability is understood to be a probability sufficient to undermine confidence in the outcome.

<u>Lamarca v. Sec'y, Dep't of Corr.</u>, 568 F.3d 929, 941 (11th Cir. 2009) (internal citations and quotations omitted).

The record establishes that petitioner's attorney knew of the documents in question that could impeach Antonio Payne, and actually used these documents in his cross examination of Payne. (Cr. Doc. #72, pp. 245-47, 252.)  While the letters were not disclosed to other attorneys in other cases until after petitioner's trial, petitioner's attorney was provided the documents and made full use of them.  Therefore, petitioner has failed to establish a <u>Brady</u> violation and Ground Two is denied.

**D.  Ineffective Assistance of Counsel:**

Petitioner argues in Ground One that his trial attorney provided ineffective assistance of counsel. Read liberally, petitioner argues that his attorney: (1) Broke the attorney-client confidentiality; (2) failed to have exculpatory evidence that was favorable to the defense admitted into evidence; (3) failed to present a strong defense, such as the buyer-seller defense; (4) advised petitioner not to testify on his own behalf; (5) failed to pursue or inquire about defense evidence that was seized by the detention officers; (6) refused to file motions petitioner requested when there were grounds for such motions; (7) failed to request that the court perform a Rule 403 balancing test as to the Rule 404(b) evidence; (8) did not object to the government's use of perjured testimony; and (9) did not subpoena any defense witnesses. (Cv. Doc. #1, p. 4; Cv. Doc. #1-5, pp. 1-3.)

The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). A court must "judge the

reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90.

The Court has resolved a number of these issues in a post-trial Opinion and Order (Cr. Doc. #54) denying a Motion to Withdraw as Court-Appointed Counsel. The Court stated:

> Defendant was convicted by a jury, and is now dissatisfied with his attorney. Specifically, defendant asserts that he gave his attorney copies of letters written by an inmate (Antonio Payne) who was a government witness against him at trial. Defendant states, inconsistently, both that the letters were confidential communications between him and his attorney which his attorney improperly disclosed to the government, and that his attorney did not effectively utilize the letters at trial in cross examination of Payne. Defendant has recently filed a grievance against his attorney with The Florida Bar. The Court finds that defendant is simply unhappy that he was convicted, but that there are no grounds to allow defense counsel to withdraw.
> Having presided over the trial, the Court finds that defense counsel did not provide ineffective assistance of counsel because his performance was not deficient and no prejudice resulted to defendant. Defense counsel successfully cross-examined Payne as to the letters, eliciting an admission that Payne wrote letters which were exculpatory towards the defendants he was testifying against. There is nothing inherently privileged about copies of someone else's letters which defendant somehow obtained and gave to his counsel. This is particularly so when the obvious intent was to utilize the letters publically at trial to defendant's advantage. For the same reason, there was no prohibition against providing a copy of this discovery material to the government in order to preserve defendant's ability to utilize the

> letters as evidence should Payne dispute the letters or their contents.  Finally, filing a grievance against one's attorney does not create grounds for withdrawal that otherwise do not exist.

(Cr. Doc. #54.)  Nothing has been presented to justify a change of these findings.

Additionally, the record demonstrates many conferences between petitioner and his attorney during the trial.  (Cr. Doc. #71, pp. 80, 90, 123, 147-48, 153, 161, 166; Cr. Doc. #72, pp. 244, 245, 253.)  Petitioner identifies no motion that was not filed, witness who was not called, evidence that was not admitted, or defense that was not presented other than the buyer-seller defense, which was neither strong nor even viable in light of the evidence.  When the government rested, petitioner conferred with defense counsel for fifteen minutes to decide whether there were witnesses to be called and determine the best way to proceed.  (Cr. Doc. #72, pp. 252-53.)  The defense then rested without calling any witnesses.  (Id. at 256.)  Petitioner has not established any deficient performance by counsel or prejudice.

The Court fully explained petitioner's right to decide for himself whether he wished to testify at trial and after conferring with his attorney, petitioner decided not to do so.  (Cr. Doc. #72, pp. 253-54, 256.)  Even assuming counsel advised petitioner not to testify, as petitioner asserts, that advice does not constitute ineffective assistance in this case.  This is particularly true because the Presentence Report establishes that petitioner has four

prior felony convictions involving cocaine, in addition to several misdemeanor drug convictions.

Finally, petitioner has not identified any perjured testimony allowed by his attorney, and the failure to raise FED. R. EVID. 403 was not attorney error because that rule is built into the Court's analysis under FED. R. EVID. 404(b). In short, the Court finds that petitioner has failed to establish any basis for his claims of ineffective assistance of counsel.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to Grounds One, Two, and Three, and is **DISMISSED** as to Ground Four.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of July, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Danyel D. Lawston